1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   ROYAL YATES,                  )
                                   )
12           Plaintiff(s),         )      No. C07-0798 BZ
                                   )
13       v.                        )      **ORDER DENYING DEFENDANTS'**
                                   )      **MOTIONS TO DISMISS**
14   KINAN NIMEH, et al.           )
                                   )
15           Defendant(s).         )
                                   )
16   _____ )

17       Before me are defendants' motions to dismiss plaintiff's

18   complaint for failure to state a claim upon which relief may

19   be granted or, alternatively, for lack of subject matter

20   jurisdiction.[1]  For the reasons set forth below, defendants'

21   motions are **DENIED**.[2]

22       The lone claim remaining against defendants alleges a

23   _____

24       [1]   All parties have consented to my jurisdiction
     pursuant to 28 U.S.C. § 636(c) for all proceedings, including
25   entry of final judgment.

26       [2]   Defendant Kinan Nimeh, through his counsel of record,
     filed his motion to dismiss on March 5, 2007.  Defendant Syed
27   Zaidi, acting pro per, filed his own motion on March 27, 2007.
     Zaidi asserted his intention to join in Nimeh's motion to
28   dismiss "for all the reasons set forth therein."  I therefore
     consider defendants' motions simultaneously.

                                    1

1   state law claim for breach of fiduciary duty - a claim

2   plaintiff describes in his opposition as "essentially a state

3   law claim for churning."[3]  The investment account that was

4   allegedly churned by defendants is the same account that was

5   the subject of a prior case adjudicated before me.[4]  On

6   February 23, 2007, plaintiff acknowledged payment of

7   $297,173.35, representing compensatory damages plus interest,

8   as partial satisfaction of the judgment.[5]  See Yates v.

9   GunnAllen Financial, et al., C05-1510 BZ, Civil Docket No.

10  190.[6]  The punitive damage award is on appeal.

11      Defendants argue that plaintiff's latest suit must be

12  dismissed pursuant to the "single satisfaction" rule, which

13  ────────────────

14      [3]    In his opposition, plaintiff withdrew the two other
    claims that initially formed the basis of his complaint.  These
15  included a federal cause of action under the Securities
    Exchange Act of 1934 and a state law cause of action entitled
16  "Unconscionability."  With withdrawal of the federal claim,
    this Court's jurisdiction lies in diversity.

17      [4]    In the prior case, plaintiff sued GunnAllen
    Financial, Inc. and stockbroker Curtis Williams for their
18  involvement in the churning his investment account.  After a
    jury awarded him $240,382 in compensatory damages, $1,442,292
19  in punitive damages as to GunnAllen, and $120,191 in punitive
    damages as to Williams, plaintiff refused a remittitur of the
20  punitive damage award against GunnAllen.  A second trial solely
    on the amount of punitive damages resulted in a verdict of
21  $586,000 in punitive damages as against GunnAllen.

22      [5]    Plaintiff admits that "GunnAllen Financial, Curtis
    Williams, and present defendants all were jointly responsible
23  for the compensatory damages resulting from the churning of Mr.
    Yates' account," that all defendants are to be considered joint
24  tortfeasors, and that he can collect no more compensatory
    damages on his churning claim.  Pl's. Opp. at 2.
25

26      [6]    Defendant Nimeh requested that I take judicial notice
    of the court files relating to the prior litigation.  These
27  being matters of public record, and hearing no objection from
    plaintiff, I **GRANT** defendant Nimeh's request and take judicial
    notice of the files lodged with the Court in Yates v. GunnAllen
28  Financial, et al., C05-1510 BZ.

1   California follows.[7]  The narrow issue before me is whether

2   California's single satisfaction rule bars plaintiff from

3   seeking punitive damages from these defendants based on their

4   alleged involvement in the underlying fraud for which

5   plaintiff has been made whole.[8]

6       Neither party cited case law directly on point, and I am

7   aware of no controlling California precedent.[9]  "A federal

8   _____

9       [7]    "An injured person is entitled to only one
satisfaction of judgment for a single harm, and full payment of
10  a judgment by one tortfeasor discharges all others who may be
liable for the same injury." Fletcher v. California Portland
11  Cement Co., 99 Cal. App. 3d 97, 99 (1979); see also In re
Zelis, 66 F.3d 205, 210 (9th Cir. 1995) (discussing California
12  law).  The rule applies "whether a single judgment has been
obtained against joint or concurrent tortfeasors, whether
13  separate judgments of equivalent or disparate amounts have been
obtained against tortfeasors, or whether no other judgment has
14  been obtained against other tortfeasors." Fletcher, 99 Cal.
App. At 99 (citing Watson v. McEwen, 225 Cal. App. 2d 771,
15  774-775 (1964) and Winzler & Kelly v. Superior Court, 48 Cal.
App. 3d 385, 392-393 (1975)).

16      [8]    Under Federal Rule of Civil Procedure 12(b)(6), a
claim may be dismissed if, as a matter of law, "a plaintiff
17  could prove no set of facts in support of his claim that would
entitle him to relief." Parks Sch. of Business, Inc. v.
18  Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  In deciding
whether to dismiss a claim under Rule 12(b)(6), the Court is
19  generally limited to reviewing only the complaint, but may
review materials which are properly submitted as part of the
20  complaint and may take judicial notice of public records
outside the pleadings. Lee v. City of Los Angeles, 250 F.3d
21  668, 688-89 (9th Cir. 2001).

22      [9]    Other jurisdictions are split on the issue.  Compare
those jurisdictions barring punitive damage claims against a
23  joint tortfeasor subsequent to full satisfaction on a judgment,
see Bridgestone/Firestone North America Tire, L.L.C. v.
24  Naranjo, 206 Ariz. 447, 451 (2003); Ruiz De Molina v. Merritt &
Furman Ins. Agency, Inc., 220 F. Supp. 2d 1249, 1253-57 (N.D.
25  Ala. 2002); Mike Loehr & Co., Inc. v. Wal-Mart Stores, Inc.,
919 F.Supp. 244, 248 (E.D. Tex. 1996); Sprague, Levinson &
26  Thall v. Advest, Inc., 623 F. Supp. 11, 13 (D.C. Pa. 1995))
with those jurisdictions allowing such claims, see Turner v.
27  Firstar Bank, N.A., 363 Ill. App. 3d 1150, 1158-59 (2006);
McGee v. Bruce Hospital System, 344 S.C. 466, 472 (2001);
28  Sanchez v. Clayton, 117 N.M. 761, 768 (1994); Beerman v. Toro

court should apply state law as it believes the highest court of the State would apply it." Palmer v. Stassinos, 419 F. Supp. 2d 1151, 1155 (N.D. Cal. 2005) (citing Jones-Hamilton Co. v. Beazer Materials & Servs., Inc., 973 F.2d 688, 692 (9th Cir.1992)); see also Cunningham v. Connecticut Mut. Life Ins., 845 F. Supp. 1403, 1411 (S.D. Cal. 1994) ("If state law is unclear, the federal court is required to determine how state law will be construed if the question were before the state's highest court.").

I conclude that under California law plaintiff's suit is not barred by the single satisfaction rule. First, it appears that only the complete satisfaction of a judgment will bring the single satisfaction rule into play. See McCall v. Four Star Music Co., 51 Cal. App. 4th 1394, 1398-99 (1996) ("where fewer than all of the joint tortfeasors satisfy less than the entire judgment, such satisfaction will not relieve the remaining tortfeasors of their obligation under the judgment."). Inasmuch as the punitive damage judgment has not been satisfied, the single satisfaction rule, if applicable at all, must be applied with caution.[10]

Indeed, California courts emphasize that the single satisfaction rule "'is equitable in its nature, and . . . its purpose is to prevent unjust enrichment.'" Milicevich, 155

Mfg. Co., 1 Haw. App. 111, 118-19 (1980).

[10]    To rule otherwise would create the possibility that if the outstanding punitive damages judgment were reversed on legal grounds, such as that GunnAllen had not acted through an officer or managing agent, plaintiff could wind up with no punitive damages even though two juries have found conduct worthy of being punished and deterred.

1   Cal. App. 3d at 1003 (quoting Prosser, <u>Joint Torts and Several</u>
2   <u>Liability</u>, 25 Cal.L.Rev. 413, 422 (1937)); <u>see also</u> <u>McCall</u>, 51
3   Cal. App. 4th at 1399 (noting that the rule is designed to
4   prevent double recovery); <u>Winzler</u>, 48 Cal. App. 3d at 392
5   ("the injured party can receive only one satisfaction for his
6   injury").  There is no danger of double recovery here for, as
7   plaintiff correctly argues, any verdict assigning defendants
8   liability for plaintiff's compensatory damages will be offset
9   so as to prevent plaintiff's unjust enrichment.  <u>See</u> <u>Carr v.</u>
10  <u>Cove</u>, (1973) 33 Cal. App. 3d 851, 854 ("Only one complete
11  satisfaction is permissible, and, if partial satisfaction is
12  received from one, the liability of others will be
13  correspondingly reduced."); <u>Winzler</u>, 48 Cal. App. 3d at 392
14  (partial satisfaction "has the effect of a discharge pro
15  tanto.") (internal quotations and citation omitted); <u>see,</u>
16  <u>e.g.</u>, <u>McGee</u>, 545 S.C. at 472 (discussing the trial process on
17  remand).
18      Defendants argue that because an award of compensatory
19  damages is a prerequisite to an award of punitive damages
20  under California law, plaintiff's current claim must fail.
21  <u>See, e.g.</u>, <u>Cheung v. Daley</u>, 35 Cal. App. 4th 1673 (1995).  The
22  rule, however, is that an award of compensatory damages *or its*
23  *equivalent* is a prerequisite to an award of punitive damages.
24  <u>See</u> <u>id.</u> at n.8; <u>see also</u> <u>Sole Energy Co. v. Petrominerals</u>
25  <u>Corp.</u>, 128 Cal. App. 4th 212, 238 (2005) ("An award of actual
26  damages, even if nominal, is required to recover punitive
27  damages.").  In other words, "[t]he requirement of 'actual
28  damages' imposed by section 3294 is simply the requirement

1   that a tortious act be proven if punitive damages are to be

2   assessed." Esparza v. Specht, 55 Cal. App. 3d 1, 6 (1976).

3        Thus, where a claimant's award of compensatory damages

4   was completely offset, he could still receive punitive

5   damages. See Esparza, 55 Cal. App. 3d at 9 (cited with

6   approval in Cheung, 35 Cal. App. 4th at 1677 n.8). Here,

7   plaintiff has already demonstrated the commission of a

8   tortious act, and may yet prove defendants' liability for some

9   part of the damages arising therefrom. It does not follow

10  that because plaintiff's compensatory damage claim may be

11  completely offset, he is automatically precluded from

12  recovering punitive damages against defendants.[11]

13       Because plaintiff's suit does not run afoul of

14  California's single satisfaction rule, and because plaintiff's

15  recovery of punitive damages against defendants is not barred

16  as a matter of law, I decline to apply the single satisfaction

17

18  _____

19      [11]   Neither Kluge v. O'Gara, 227 Cal. App. 2d 207 (1964)
    nor Jackson v. Johnson, 5 Cal. App. 4th 1350 (1992) mandate

20  dismissal of plaintiff's claim. After receiving full
    satisfaction on a judgment in malpractice, the Kluge plaintiff

21  sued the former defendant and others alleging a conspiracy to
    undermine the earlier malpractice litigation. Noting that the
    plaintiff had recovered all damages prayed for in the prior

22  litigation, the court sustained defendants' demurrers because
    "whatever defendants did to defeat the malpractice action

23  caused no actual damage to plaintiffs." Kluge, 227 Cal. App. 2d
    at 210. The single satisfaction rule played no part in the

24  court's decision, and the finding by the court that defendants
    caused no damage to plaintiff distinguishes it from the instant

25  case. In Jackson, a jury awarded plaintiff with "$0" in actual
    damages but also awarded punitive damages. The court read the

26  verdict as finding no actual loss - an element of malpractice -
    and therefore struck the punitive damage award. Jackson, 5

27  Cal. App. 4th at 1355-58. The failure to prove up a valid
    claim and the express finding of no loss distinguishes Jackson

28  from the present case.

6

1  rule in the manner encouraged by defendants.[12]

2      Defendants' second argument - that this Court lacks

3  subject matter jurisdiction - also fails.  For any suit lying

4  in diversity, plaintiff must demonstrate both complete

5  diversity and that "the matter in controversy exceeds the sum

6  or value of $75,000, exclusive of interest and costs."  28

7  U.S.C. § 1332(a).  "In calculating the amount in controversy,

8  the Court must also consider punitive damages that plaintiff

9  can recover as a matter of law."  Surber v. Reliance Nat.

10 Indem. Co., 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

11 California allows for the recovery of punitive damages for

12 breach of the fiduciary duty.  See Cal. Civ. Code § 3294(a)

13 (allowing recovery of exemplary damages "for the breach of an

14 obligation not arising from contract").  And, as already

15 discussed, plaintiff's claim for punitive damages is not

16 barred.

17      Considering the large sums of punitive damages awarded in

18 the previous litigation, plaintiff's request for $2,000,000

19 cannot be said to be in bad faith.  I certainly cannot say "to

20 a legal certainty that the claim is really for less than the

21 jurisdictional amount."  St. Paul Mercury Indem. Co. v. Red

22 _____

23 [12]   For the first time in their reply, defendants argue
   that an award of punitive damages in this case would
24 necessarily run afoul of the Constitutional due process
   requirement that punitive damages be "both reasonable and
25 proportionate to the amount of harm to the plaintiff and to the
   general damages recovered."  State Farm Mut. Auto Ins. Co. v.
26 Campbell, 538 U.S. 408, 426 (2003).  Insofar as any trial in
   this matter would require a jury first to determine defendants'
27 culpability for actual damages to plaintiff, see McGee, 344
   S.C. at 472 (describing the trial process on remand), I cannot
28 conclude as a matter of law that a punitive damage award in
   this case will offend the dictates of State Farm.

1 | <u>Cab Co.</u>, 303 U.S. 283, 288 (1938).[13]

2 |     Plaintiff's claim is not barred by the single

3 | satisfaction rule.  Nor does his complaint fail to meet the

4 | minimum amount in controversy requirement under 28 U.S.C.

5 | section 1332(a).  While I remain troubled by the duplicative

6 | nature of this litigation, the only matters before me are

7 | defendants' motions to dismiss and they are **DENIED**.

8 | Dated: May 18, 2007

9 | _____

10 |         Bernard Zimmerman
    United States Magistrate Judge

11 | G:\BZALL\-BZCASES\YATES 3\Order.Deny.Motion.Dismiss.wpd

12 |

---

[13]    The cases defendants cite are distinguishable. Unlike in <u>Hunter v. District of Columbia</u>, 384 F. Supp. 2d 257 (D.D.C. 2005), the potential actual damages here are not so limited so as to make clear that an award of punitive damages sufficient to meet the minimum amount in controversy requirement would necessarily run afoul of <u>State Farm</u>.