FILED
FEB 0 5 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYAL YATES,<br><br>    Plaintiff(s),<br><br>  v.<br><br>KINAN NIMEH, et al.<br><br>    Defendant(s). | No. C07-0798 BZ<br><br>**ORDER DENYING DEFENDANT'S SECOND MOTION TO DISMISS** |

Before me is defendant Kinan Nimeh's second motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.[1]

Defendant argues that because the entire judgment against GunnAllen[2], including the compensatory and punitive damages

---

[1] All parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c) for all proceedings, including entry of final judgment.

[2] The complaint against defendant was filed pending the appeal of a prior case adjudicated before me. In the prior case, plaintiff sued GunnAllen Financial, Inc. and stockbroker Curtis Williams for their involvement in the churning of his investment account. After a jury awarded plaintiff $240,382 in compensatory damages, $1,442,292 in punitive damages as to GunnAllen, and $120,191 in punitive damages as to Williams, plaintiff refused a remittitur of the punitive damage award

1

award, has been paid in full, "the barriers to the application of the single satisfaction rule identified by the Court [in its earlier Order denying defendant's motion to dismiss] now have been removed." (Def.'s Mot. to Dismiss p.2.)  I disagree for the reasons stated in my earlier ruling (See Order Denying Defendants' Mot. to Dismiss pp.4-6).[3]

Defendant makes a collateral argument that principles of public policy and equity disfavoring multiple lawsuits require that this should be dismissed, relying on Bridgestone/Firestone North America Tire, L.L.C. v. Naranjo, 206 Ariz. 447, 451 (2003).  The court in Bridgestone applied Arizona law and, as stated in my earlier ruling, I must apply

---

against GunnAllen. On February 23, 2007, plaintiff acknowledged payment of $297,173.35, representing compensatory damages plus interest, as partial satisfaction of the judgment. A second trial solely on the amount of punitive damages resulted in a verdict of $586,000 in punitive damages as against GunnAllen. That verdict was subsequently appealed. During the appeal, I stayed this action. In November 2008, the Ninth Circuit affirmed the punitive damages award, and the award was thereafter paid in full (including interest and costs) for a total of $661,872.58.

[3]    Defendant erroneously asserts that a recent California Court of Appeals decision, Berkley v. Dowds, 152 Cal.App.4th 518 (2007), changed California law concerning the recovery of punitive damages. The court in Dowds stated that there must be an award of compensatory damages "[o]r *its equivalent, such as . . . an offset* . . ." to support a punitive damages award, which is consistent with previous California law. Dowds, 152 Cal.App.4th at 530 (quoting Cheung v. Daley, 35 Cal.App.4th 1673, 1677-78 (1995) (emphasis added). It is well-established that under California law, an actual award of compensatory damages is not necessary; rather, "the plaintiff need only prove that he or she suffered damages or injury." Carr v. Progressive Casualty Ins. Co., 152 Cal.App.3d 881, 892 (1984). I reiterate what I stated in my earlier ruling: "It does not follow that because plaintiff's compensatory damage claim may be completely offset, he is automatically precluded from recovering punitive damages against defendants." (Order Denying Defendants' Mot. to Dismiss p.6.)

2

California law.  While I agree with defendant that it is unfortunate that he was not named in the earlier lawsuit so that all issues with respect to plaintiff's claim could have been resolved in one trial[4], and that it is not a good use of judicial resources to have still another trial in this matter, the public policy of California does not seem to prohibit a plaintiff from suing serially.  See Black v. Bringhurst, 7 Cal. App.2d 711, 714 (1935) (citing Butler v. Ashworth, 110 Cal. 614 (1895); Grundel v. Union Iron Works, 127 Cal. 438 (1900)).[5]  I therefore cannot say as a matter of law that plaintiff should be denied an opportunity to recover punitive damages from defendant.  For all these reasons, defendant's motion to dismiss in **DENIED**.

Dated: February 5, 2009

/s/ Bernard Zimmerman
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\YATES V. NIMEH\ORDER DENYING MOTION TO DISMISSBZ..wpd

---

[4] I am not satisfied with plaintiff's explanation as to why Nimeh was not sued earlier.  When plaintiff filed his original complaint, he had no way of knowing that GunnAllen would take responsibility for Nimeh in the first trial.  Nor does plaintiff explain why he did not seek to add Nimeh as a defendant before the second trial.

[5] Counsel for defendant is correct that in Black, the compensatory judgment remained unsatisfied.  However, the court's reasoning and holding in Black, cannot properly be interpreted as narrowly as counsel would like.

3