UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROYAL YATES, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C 07-0798 BZ |
| | ) | |
| v. | ) | **ORDER TO SHOW CAUSE WHY** |
| | ) | **DEFAULT SHOULD NOT BE** |
| KINAN NIMEH, et al., | ) | **ENTERED AND SCHEDULING** |
| | ) | **DEFAULT JUDGMENT HEARING** |
| Defendant(s). | ) | |

On May 18, 2007, I issued an order denying *pro se* defendant Syed Zaidi's ("Zaidi") motion to dismiss. Thereafter, I scheduled a case management conference, at which defendant Zaidi appeared telephonically. During that conference, I stayed this action pending the Ninth Circuit's ruling in a related case (C05-1518). On November 18, 2008, after the Ninth Circuit issued a ruling, I scheduled a status conference for December 15, 2008. Zaidi did not appear at the December 15 status conference. Zaidi has not made an appearance at any subsequent hearings and did not appear at the settlement conference held before Judge Chen on April 14,

1

2009.[1]  Nor has Zaidi filed an answer or any other responsive pleading.

Therefore, good cause appearing, defendant Zaidi is hereby **ORDERED** to show cause in writing by **Wednesday, June 10, 2009**, why his default should not be entered.  Defendant Zaidi may do so himself, if he wishes to continue to proceed *pro se*, or may do so through counsel if he has secured counsel (or intends to do so).  At the very least, Zaidi should explain why he has failed to continue to defend this action and why he failed to attend the April 14 settlement conference.

It is also further **ORDERED** that a hearing on the Order to Show Cause and plaintiff's application for default judgment is scheduled for **Wednesday, June 24, 2009 at 10:00 a.m.** in Courtroom G, 15th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102.

Claims for attorneys' fees should be supported by billing records.  Compliance with 50 App. U.S.C. § 501 *et seq*. of the Servicemembers' Civil Relief Act may not be satisfied on information and belief.  *See* 50 App. U.S.C. § 521(b)(1); United States v. Simmons, 508 F.Supp. 552 (E.D. Tenn. 1980) (interpreting 50 App. U.S.C. § 520(1), predecessor to 50 App. U.S.C. § 521(b)(1)).  The public website https://www.dmdc.osd.mil/scra/owa/home will provide the current active military status of an individual and has instructions on obtaining certificates of service or non-

---

[1] Copies of all court orders and other documents have been served on Zaidi at his last known address, but have all been returned as undeliverable.

service under the Servicemembers' Civil Relief Act.

Plaintiff should be prepared to prove his damages by competent testimony or other admissible evidence.  If plaintiff intends to prove damages by affidavits or declarations, the affiant or declarant should have personal knowledge of all matters to which she testifies.  For all evidence, proper foundations must be established.  For an explanation of the evidentiary requirements for proving damages in a default case, the parties are encouraged to consult Chapter Six of <u>Civil Procedure Before Trial</u> by William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe.  Defendant Zaidi should attend the hearing if he contests the validity or amount of plaintiff's claim.  Seven days before the hearing, on **Wednesday, June 17, 2009**, plaintiff shall file a declaration setting forth in detail all steps taken to serve defendant with notice of this hearing.  Plaintiff's attorney is **ORDERED** to serve this order, along with the pending motion, on Zaidi at his last known address.

Dated:  May 21, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\YATES V. NIMEH\ORDER SCHEDULING DEFAULT JUD HEARING.wpd