UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYAL YATES, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> KINAN NIMEH, et al., ) <br> ) <br> Defendant(s). ) <br> _____ ) | No. C07-0798 BZ <br><br> **ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

Plaintiff Royal Yates ("plaintiff") has applied for entry of default judgment against defendant Syed Zaidi ("Zaidi") and for entry of an award of punitive damages in the sum of $240,381.70.[1]

Zaidi made an initial appearance in this case, proceeding in *pro se*, by filing a motion to dismiss on March 27, 2007. (Doc. No. 9). Zaidi's motion was denied on May 18, 2007. Zaidi thereafter made a telephonic appearance at one case management conference on June 12, 2007, the same day that this case was stayed pending the outcome of the appeal in Yates v.

---

[1] Both parties have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

1

<u>Gunnallen Financial</u>, No. C05-1510 (BZ).  More than one year later, on November 18, 2008, the stay was lifted and a status conference was set for December 15, 2008.  Zaidi did not appear at the December 15 conference.  Zaidi has since failed to appear at all other court hearings, as well as a settlement conference held on April 14, 2009.  Zaidi has never answered the complaint, nor filed anything in response to this motion.  Accordingly, pursuant to the Court's inherent authority to enforce its orders and manage its cases, **IT IS HEREBY ORDERED** that Zaidi's default is entered as to plaintiff's only remaining claim against him for breach of fiduciary duty.[2]  By his default, Zaidi has admitted the well-pleaded allegations of the complaint, which establish that he, and others who acted as or worked for plaintiff's stock broker, breached their duties to plaintiff.  One jury has already found in favor of plaintiff on these charges.

    Pursuant to Rule 55(b)(2), the Court may enter a default judgment against a party against whom default has been entered.  The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the Court.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Plaintiff has the burden of proving damages through testimony, written affidavit, or other relevant evidence.  *See* <u>Geddes v. United

---

[2] In his opposition to defendant's original motion to dismiss, plaintiff withdrew the two other claims that initially formed the basis of his complaint.  These included a federal cause of action under the Securities Exchange Act of 1934 and a state law cause of action entitled "Unconscionability."  Despite withdrawing these claims, plaintiff never filed an amended complaint.  With withdrawal of the federal claim, this Court's jurisdiction lies in diversity.

Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); *see also* Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc., 389 F.Supp. 2d 1222, 1226 (N.D. Cal. 2005).

In his motion, plaintiff seeks punitive damages totaling $240,381.79, having already been awarded compensatory damages from the brokerage company. A plaintiff is entitled to punitive damages pursuant to Cal. Civ. Code § 3294, which provides for punitive damages in an action for breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice.[3] Under California law, three factors are relevant in the assessment of punitive damages: (1) the degree of reprehensibility of the act; (2) the amount of compensatory damages awarded; and (3) the wealth of the defendant. *See* Neal v. Farmers Ins. Exchange, 21 Cal.3d 910, 928 (1978). Focusing on the third factor, the California Supreme Court has stated that evidence of the defendant's financial condition is a prerequisite to an award of punitive damages. *See* Adams v. Murakami, 54 Cal.3d 105, 118-119 (1991); *see also* Vacco Industries, Inc. v. Van Den Berg, 5 Cal.App. 4th 34 (1992). The burden of establishing

---

[3] "Fraud" within the meaning of § 3294 means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury. Here, the uncontroverted allegations of the complaint are sufficient to establish to the requisite degree the fraud; however, absent evidence of defendant's financial condition, I cannot award plaintiff punitive damages.

3

the defendant's financial condition is on the plaintiff.  <u>Id.</u>

In this case, plaintiff has provided no evidence whatsoever to establish Zaidi's financial condition.  In fact, the only information the Court has regarding Zaidi's financial condition, such as his inability to hire legal counsel for the purposes of helping him to defend this action, asserted during the first case management conference, suggests that he lacks sufficient funds to pay the punitive damages requested by plaintiff.  Therefore, the Court can only speculate as to what award of punitive damages would be appropriate.  This absolute dearth of evidence concerning Zaidi's financial condition does not support the requested award of punitive damages.  I therefore find that an award of punitive damages is not warranted.

I further find that no argument is needed and **VACATE** the hearing scheduled for **June 24, 2009.**  For the foregoing reasons, **IT IS ORDERED** that plaintiff's request for punitive damages from Zaidi is **DENIED**.

Dated:   June 22, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\YATES V. NIMEH\ORDER ON P'S MOT FOR DEFAULT JUDGMENT.wpd

4